UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cr-60071-BLOOM

JOSSAINT JOSIAH ARISTIL,

     Plaintiff,

v.

UNTIED STATES OF AMERICA,

     Defendant.

_____/

ORDER ON MOTION TO REDUCE SENTENCE

    **THIS CAUSE** is before the Court upon the Defendant's Motion for Modification or Reduction of Sentence ("Motion"). ECF No. [49]. The Government filed a Response in Opposition ("Response"), ECF No. [50], and the Defendant filed a Reply in Support ("Reply"), ECF No. [51]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Defendant's Motion is denied.

I.    **BACKGROUND**

    On July 26, 2018, the Defendant pleaded guilty to carjacking, in violation of 18 U.S.C. § 2119(1) (Count I) and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count II). ECF No. [21]. On October 15, 2018, the Court sentenced Defendant to 37 months as to Count I, the mandatory minimum of 84 months to be served consecutively as to Count II, followed by four years of supervised release. ECF No. [30].

    Thereafter, the Defendant filed an appeal of his sentence arguing the district court erred when it calculated his criminal history category. ECF No. [42] at 4. Specifically, the Defendant pointed out "the district court applied § 4A1.2(d)(2)(B) of the Sentencing Guidelines to his December 2012

conviction for shoplifting despite the fact that the provision applies only to convictions within a five-year window, and the carjacking occurred in February 2018." *Id*. The Eleventh Circuit agreed:

> Aristil received a criminal-history score of 4 when his score should have been 3, and as a result, his criminal-history category should have been II rather than III. Combined with the total offense level of 19, Aristil's Guideline range should have been 33–41 months rather than the 37–46 months under which he was sentenced.

*Id*. at 5. As a result, the sentence was vacated and the case remanded so the Defendant could be resentenced with the correct guideline range. *Id*. at 6. On December 19, 2019, the Court resentenced the Defendant to 33 months as to Count I, the mandatory minimum of 84 months to be served consecutively as to Count II, followed by four years of supervised release. ECF No. [47].

In his Motion, Defendant seeks a modification of his sentence pursuant to Amendment 821 of 18 U.S.C. 3582(c)(2). ECF No. [49] at 1. While the Government concedes the Defendant is eligible for relief under the Amendment, it argues that a reduction in sentence is not warranted under the sentencing factors set forth in 18 U.S.C. § 3553. ECF No. [50] at 6.

## II.  LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority

to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

When the district court considers a § 3582(c)(2) motion, it must apply a two-step approach. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the court must determine if the defendant is eligible for relief under § 3582(c)(2), and if so, determine the "amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id*. at 827 (quotation omitted). The court must then decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence by considering the § 3553(a) factors. *Id*.

## III.    DISCUSSION

The Defendant seeks a two-point sentence reduction under Amendment 821's "status points" provision. Part A of Amendment 821 amends U.S.S.G. § 4A1.1(d), which previously advised that two criminal history points are to be added if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, [or] imprisonment...." Part A of Amendment 821 also redesignates this provision as § 4A1.1(e). *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment at 3, United States Sentencing Commission, ussc.gov/sites/default/files/pdf/research-and-publications/retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf. § 4A1.1(e) amends the previous "status points" provision in two ways: (1) the provision no longer applies "to offenders with six or fewer criminal history points, even if the instant offense was committed while the offender was under a criminal justice sentence; and (2) defendants with seven or more criminal history points will be assessed one additional criminal point, instead of

3

two." *Id.* Accordingly, defendants who received "status points" are eligible for a two-point reduction if they have six or fewer criminal history points, or a one-point reduction if they have seven or more criminal history points. *Id.*

As the Government concedes, the Defendant is eligible for relief under the "status points" Amendment. The Defendant was previously sentenced based on three criminal history points, which should now be reduced to one. Such a change lowers his criminal history category from II to I. When the new criminal history category is combined with his total offense level of 19, the Defendant's guideline range moves from between 33 and 41 months to between 30 and 37 months as to Count I. As such, the Defendant is eligible for a maximum reduction of three months off his sentence.

The Court must now determine whether to exercise its discretion to amend or retain the original sentence by considering the § 3553(a) factors. The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

The Defendant points to *Pepper v. United States*, for the proposition that "evidence of post-sentencing rehabilitation may be highly relevant to several of the 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." ECF No. [51] at 3 (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)). The Defendant highlights his turn to faith, participation in G.E.D. and business courses, and his recent transfer from a high security to medium security prison. *Id*. The Government argues the Defendant's early release would

4

undermine community safety and respect for the law based on the seriousness of his crime. ECF No. [50] at 6. The Court agrees with the Government.  The criminal conduct here consisted of the Defendant, brandishing a firearm, and running toward the victim in front of her apartment complex. ECF No. [23] ¶ 1. He stole her property, grabbed a gold chain from her neck, and drove off in her car. *Id*. The victim testified she was in fear for her life. *Id*. ¶ 2. Moreover, when the Defendant was apprehended by the police, he lied about his identity. *Id*. ¶ 5.

At the time of sentencing, the Court determined that a term of imprisonment of 33 months was appropriate in this case, as to Count I, considering the § 3553(a) factors. This term of imprisonment was imposed due to the serious and violent nature of the underlying offense. While the Defendant asserts some evidence of post-sentence rehabilitation, such evidence is not sufficient to affect the Court's conclusion and does not outweigh the considerations of public safety and respect for the law.  As such, the Defendant's Motion it denied.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [49]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 22, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record